**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Mary Doe as Parent and Next Friend to Jane Doe, a Minor Under the Age of Eighteen (18), )<br>)<br>) | Civil Action No.:    4:24-cv-5305-SAL |
| Plaintiffs, ) | |
| v. ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| Florence School District One, Richard O'Malley in His Official and Individual Capacity, )<br>)<br>) | |
| Defendants. )<br>) | |

Plaintiffs allege:

**THE PARTIES**

1.      Mary Doe, is a citizen and resident of Florence County, South Carolina. Jane Doe is a citizen and resident of Florence County, South Carolina. Mary Doe is the natural parent of Jane Doe, a minor under the age of eighteen (18) years of age.

2.      At all times referred to herein, Jane Doe was an Exceptional Education Student (Special Needs Student), at West Florence High School.

3.      Mary Doe brings this action as Parent and Next Friend of Jane Doe, as permitted by Rule 17(c), SCRCP.

4.      This Complaint is being filed anonymously under the pseudonym Mary Doe (Mother) and Jane Doe (daughter).

5.      This action concerns a matter of a highly sensitive and personal nature. Identifying Jane Doe by name in this action poses a risk of mental harm to Jane Doe. Mary Doe is the mother

of Jane Doe; it is necessary for Mary Doe to proceed anonymously for the same reasons stated above, with the exception of age, and to protect the identity of Jane Doe.

6.      Defendants are not prejudiced by allowing Mary Doe and Jane Doe to proceed anonymously, and any potential prejudice will be mitigated by the confidential disclosure of their actual identities.

7.      Defendants are aware, or should be aware, of Plaintiffs' identities because all Defendants were aware of the sexual assault and rape of the Plaintiff Jane Doe.

8.      Defendant Florence School District One ("FSD1") is a school district operating as a subdivision of Florence County (South Carolina) government.  FSD1 is a governmental entity with its principal place of business in Florence County, South Carolina.

9.      FSD1 operates, supervises and controls West Florence High School, a local high school within its district.

10.     FDS1 has the right and/or power to direct and control the way its employees and/or agents provide safe environments for minors to participate in school activities, be safe in school and be free from harassment and physical abuse from employees and/or fellow students.

11.     Upon information and belief, Defendant Richard O'Malley ("Superintendent O'Malley") is a citizen and resident of Florence County, South Carolina.  O'Malley is the Superintendent of FSD1.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

12.     Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

13.     On November 8, 2023, Jane Doe was sexually assaulted and raped by another student named Jackson Lee Stafford, on the campus of West Florence High School.

14.     The above-described sexual assault and rape occurred during school hours as Jane Doe was transitioning from one class to the next in which she utilized an elevator to go from one floor to the next, and as she was alone in the hallway.  Jackson Lee Stafford, (hereinafter "Stafford"), lured Jane Doe into the corridor just outside the boys' bathroom in the hallway where he violently pulled her into the bathroom and sexually assaulted and raped her.

15.     Jane Doe has longstanding formal diagnoses of certain special needs, resulting in intellectual disabilities, speech/language disabilities, learning disabilities and physical disabilities.

16.     Through her Individualized Education Program, (hereinafter "IEP"), numerous accommodations had previously been made for Jane Doe because of her disabilities.  Amongst these many disabilities, Jane Doe has cerebral palsy, static encephalopathy and spastic quadriplegia associated with scoliosis which has caused her to have problems with muscle weakness, control and stability which leads to issues with balance and walking.  As a result, she utilizes a rolling book bag. As a part of these accommodations, Jane Doe was allowed to leave class ten (10) minutes early to avoid crowded halls and she was also allowed use of the elevator to access the upstairs hallways in between classes.

17.     Just before the rape occurred, Jane Doe had left class early so that she could transition to her next class.  This required her to get on the elevator to go to the next floor.  As Jane Doe got on the elevator, she was followed by Stafford who should not have been in the hallway walking around and should not have been on the elevator.

18.     When the elevator door closed, Stafford began to sexually assault Jane Doe by pulling her pants down and kissing her on the mouth.  Jane Doe was able to pull her pants up and get away from him as soon as the elevator door opened.  **(The was the first sexual assault occurrence.  The**

**actual rape was the second sexual assault occurrence) (Collectively these matters will be referred to as the "sexual assault incidents").**

19.     As Jane Doe tried to get away, she quickly walked down the hallway. Stafford continued to stalk her from behind and grabbed her arm as they approached the boys bathroom. He attempted to pull her into the bathroom until an employee appeared walking towards them in the hallway.

20.     Once the employee passed them, Stafford lured Jane Doe back into the corridor which is where he forcefully pulled her into the bathroom, kissed her, pulled her pants down and proceeded to rape her.

21.     After the rape occurred, Jane Doe immediately located the first Assistant Principal she could find which was Mrs. Afton Hicks. Jane Doe was visibly upset and said she needed help. Assistant Principal Hicks immediately brought Jane Doe to a conference room where Jane Doe told her that she had been raped.

22.     Plaintiff Mary Doe was contacted and notified that her child, Jane Doe, had been raped at school. Mary Doe was informed that prior to her arrival, FSD1 employees interviewed Jane Doe, a special needs student with severe disabilities, without a parent present.

23.     Within approximately 30-45 minutes of the incident, through hallway surveillance videos, Stafford was identified by other West Florence High School employees as the perpetrator, and deputies with the Florence County Sheriff's Office arrived at the West Florence High School Campus and placed him under arrest. Stafford was charged with Criminal Sexual Conduct in the First Degree.

24.     Jane Doe was admitted to the hospital, forced to undergo medical tests, including tests for sexually transmitted diseases and infections. She was also forced to undergo mental health counseling, therapy and continued medical treatment all as a result of the sexual assault incidents.

25.     Amongst the many problems in the immediate aftermath, Jane Doe learned that as a result of the sexual assault incident she contracted Gonorrhea, which is a sexually transmitted disease.

26.     In the aftermath of the sexual assault incidents, Mary Doe wanted to ensure that Jane Doe would continue her academic curriculum as much as feasibly possible, so she applied for the medical homebound study program at FSD1.

27.     Jane Doe was approved for the medical homebound study program for the remainder of the 2023 school year, and she utilized a Chromebook for her curriculum.  However, beginning in January 2024, no one from the school or FSD1 contacted Mary Doe regarding setting up Jane Doe's homebound study program for the semester.  Mary Doe then discovered the Chromebook had been disabled by FSD1 without any notification or explanation.

28.     Given all of the issues Mary Doe and Jane Doe had with FSD1, (as will be further outlined herein), Mary Doe made the decision to transfer Jane Doe out of West Florence High School and FSD1 to another school district so that Jane Doe could continue her academic curriculum in an environment that supported and protected Jane Doe.

**<u>Attempts to Conceal the Sexual Assault Incidents</u>**

29.     After the sexual assault occurred, Mary Doe became concerned because FSD1 made no announcements to the student body, parents or the media concerning the sexual assault incidents that occurred on its premises.

30.     This concern became reality when they were contacted by Principal Matthew Dowdell ("Principal Dowdell") nearly two weeks after the sexual assault incidents occurred.  Principal Dowdell contacted Mary Doe to let her know that he had been contacted by Tonya Brown, an Investigative Journalist with WPDE TV-15, asking for a statement concerning the incident that

occurred.  Principal Dowdell specifically requested that Mary Doe contact Tonya Brown and ask that she not publish a report/article regarding the sexual assault incident.

31.     Mary Doe thought this was an odd request and she did not contact Tonya Brown as Principal Matthew Dowdell requested.

32.     Upon information and belief, Tonya Brown reached out to Superintendent O'Malley by email inquiring about the sexual assault incidents.

33.     On November 20, 2023, approximately twelve (12) days after the incidents, Superintendent O'Malley sent the following email internally to Greg Hall, Assistant Superintendent of Defendant FSD1, Principal Dowdell and Deputy Superintendent, Kyle Jones:

> **Subject:** Fwd: Allegations of student being raped at WFHS
> **From:** RICHARD O'MALLEY <romalley@fsd1.org>
> **Date:** 11/20/2023, 12:16 PM
> **To:** Greg Hall <ghall@fsd1.org>, Matthew Dowdell <mdowdell@fsd1.org>, KYLE JONES <kylejones@fsd1.org>
>
> When did this become rape?  Is there any new information
> Sent from my iPhone
>
> Begin forwarded message:

34.     Despite the sexual assault incidents occurring twelve (12) days earlier, Jane Doe giving a full statement to employees of FSD1 that she had been raped and thereafter being taken to the hospital to be treated for the rape, and the perpetrator Stafford being arrested and charged the day the incident occurred with Criminal Sexual Conduct in the First Degree, Superintendent O'Malley failed to take the allegations seriously and sent an email internally to his staff wanting to know "when did this become rape?"

35.     Plaintiffs are informed and at no point has Superintendent O'Malley ever taken the time to speak with the family of Jane Doe concerning the incident.

36.     On November 20, 2023, Tonya Brown released a report/article reporting on the sexual assault incidents.  Plaintiffs are informed and there was no attempt by FSD1 to notify anyone about the sexual assault incidents occurring on campus at West Florence High School until Tonya Brown reported on the incident.

37.     Plaintiffs are informed and believe that FSD1 has failed to accurately report this incident to the South Carolina Department of Education as it is required to do pursuant to S.C. Code Ann § 59-63-330 (School Crime Report Act).

38.     Plaintiffs are further informed FSD1 has reported **zero** Forced Sex Offenses for the 2023 school year.

39.     Plaintiffs are informed and believe this is a part of a larger systemic problem in that FSD1 continuously fails to report violent incidents at its schools, including sexual assaults, to prevent schools within FSD1 from having negative safety statistics and negative media attention.

**The Title IX Investigation**

40.     Title IX is a federal civil rights law in the United States that was passed as part of the Education Amendments of 1972.

41.     This law states that "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

42.     Schools and/or districts that receive federal funding must adhere to Title IX for the protection of students.  FSD1 receives federal funding and must adhere to Title IX.

43.     Title IX is crucial for creating an environment where all students have equal access to educational opportunities, resources and support.

44.     Title IX also addresses issues such as sexual harassment, assault and violence in educational settings.

45.     On or about December 8, 2023, the Title IX Coordinator for FSD1, Nathaniel C. Marshall, sent a letter to Mary Doe confirming the Notice of Allegations that had been submitted regarding the rape that occurred at West Florence High School and that FSD1 would be conducting a formal Title IX investigation.

46.     On or about February 1, 2024, FSD1 Title IX Investigator, Ashley W. Watson, sent a letter to Mary Doe requesting an interview/meeting with Jane Doe.

47.     On or about February 15, 2024, through the undersigned counsel, Mary Doe provided a copy of the forensic interview that had been conducted to Ashley W. Watson to prevent Jane Doe from having to go through another interview concerning the sexual assault incidents.

48.     No other requests for information were sent to Mary Doe by Ashley W. Watson and/or FSD1.

49.     On or about May 16, 2024, counsel for Plaintiffs emailed Ashley W. Watson requesting an update on the Title IX Investigation.

50.     No response was received.

51.     To date, after eight (8) months of investigating this incident, Plaintiff's Title IX complaint has not been concluded and Plaintiffs have not received any update on the investigation or requests for any additional information.

52.     This is despite the overwhelming amount of evidence that FSD1 has had access to for the months long investigation, which includes the following:  both Jane Doe and Stafford giving statements as to what occurred, several FSD1 employees taking statements the day the sexual assault incidents occurred, surveillance images of the hallway outside of the bathroom corridor, Stafford

being arrested for Criminal Sexual Conduct in the First Degree the day of the sexual assault incidents, and Jane Doe participating in a forensic interview and FSD1 receiving a copy of said interview.

**Failures of the Exceptional Education Program at FSD1**

53.    At the time of the sexual assault, Jane Doe was a sixteen (16) year-old freshman at West Florence High School and enrolled in the Exceptional Education Program[1] through FSD1.

54.    Upon information and belief, at the time of the incident, Stafford was a student at West Florence High School and also enrolled in the Exceptional Education Program through FSD1.

55.    The Exceptional Education Program is a program established to serve students with special needs that attend schools operated by FSD1.

56.    In accordance with the Federal Individuals with Disabilities Education Act ("IDEA"), special needs students have certain protections. IDEA requires public schools to create an IEP for every child receiving special education services. An IEP addresses how a disabled child's unique learning issues and educational goals can best be met.

57.    Jane Doe had longstanding formal diagnoses of certain special needs, resulting in intellectual disabilities, speech/language disabilities, learning disabilities and physical disabilities. Collectively, these disabilities required Jane Doe to have certain special accommodations and modifications to her school environment, navigating throughout the school, and curriculum in the classroom due to her skill levels and deficits in reading, writing and math as well as her physical limitations.  Jane Doe functioned significantly below her age level in all of these categories (some on a first-grade level) in addition to basic life skills.

58.    These diagnoses required Jane Doe to have an IEP.

---

[1] Brian Denny is the Assistant Superintendent of Exceptional Children.

59.     Jane Doe was afforded certain protections under Section 504 of the Rehabilitation Act of 1973, which is a federal law designed to protect the rights of individuals with disabilities in programs and activities that receive Federal financial assistance from the U.S. Department of Education (ED). Section 504 provides: "No otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

60.     Section 504 regulations require a school district to provide a "free appropriate public education" to each qualified student with a disability who is in the school district's jurisdiction, regardless of the nature or severity of the disability. These regulations require identification, evaluation, and provision of appropriate services and procedural safeguards.

61.     Jane Doe was afforded certain protections under the Americans with Disabilities Act of 1990, Title II, which protects Jane Doe against discrimination to the full range of state and local government services, programs, and activities, including public schools such as FSD1 regardless of whether FSD1 receives any Federal financial assistance.

62.     Jane Doe was afforded certain protections under Title IX of the Education Amendments of 1972. Title IX required Defendants to take steps to prevent and remedy sexual harassment in the form of sexual violence such as the acts Jane Doe exposed to, and gender-based sexual harassment.

63.     Under Title IX, "sexual harassment" is defined as "unwelcome conduct of a sexual nature" and includes unwelcome sexual advances, requests for sexual favors, and other verbal, nonverbal, or physical conduct of a sexual nature.

64.     Under Title IX, "sexual violence" is a form of sexual harassment and refers to "physical sexual acts perpetrated against a person's will or where a person is incapable of giving consent."  A number of different acts fall into this category of sexual violence, including rape, sexual assault, sexual battery, sexual abuse, and sexual coercion.

65.     Title IX also prohibits gender-based harassment, which is unwelcome conduct based on a student's sex.

66.     According to the United States Federal Government, "Sex-based harassment can be carried out by school employees, other students, and third parties. All students can experience sex-based harassment, including…..**students with disabilities**."

67.     Further, according to the United States Federal Government "Sex-based harassment creates a hostile environment if the conduct is sufficiently serious that it denies or limits a student's ability to participate in or benefit from the school's program. When a school knows or reasonably should know of possible sex-based harassment, it must take immediate and appropriate steps to investigate or otherwise determine what occurred. If an investigation reveals that the harassment created a hostile environment, the school must take prompt and effective steps reasonably calculated to end the harassment, eliminate the hostile environment, prevent its recurrence, and, as appropriate, remedy its effects."

68.     Defendants violated Jane Doe's rights under IDEA, the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990 through their acts and omissions before, during, and after the sexual assault and rape of Jane Doe.

69.     Defendants violated Jane Doe's rights under Title IX.

70.     For years, Jane Doe had been in the Exceptional Education Program at FSD1 and her condition was well known to employees of West Florence High School and Defendants.

71.    Defendants were aware that they were obligated to accommodate Jane Doe's disabilities in providing an education and safety while on its premises, **including the requirement that Jane Doe be accompanied by a buddy while on school property**.  The purpose of this requirement was to ensure Jane Doe's safe access to educational opportunities in accordance with state and federal mandates.

72.    As recent as 2020, Jane Doe's IEP provided that she was to have a buddy due to her physical therapy assessment which revealed that she scored significantly below the same age peers with regard to mobility and pace of her walking.  Given her age and diagnosis, significant changes in function were not expected.

73.    Unexpectedly, FSD1 **removed this accommodation and rejected a peer buddy being assigned to Jane Doe** because the assessment team for the IEP made the decision that she could navigate the halls independently without consideration being given for any of the other significant intellectual and physical disabilities that Jane Doe possessed which would have entirely supported the need for a peer buddy to be assigned to Jane Doe.

74.    FSD1 failed to properly identify, evaluate, and provide appropriate services and procedural safeguards as Section 504 Regulations require in protecting the rights of Jane Doe to an education.

75.    Upon information and belief, Stafford had certain disabilities which also required him to have an IEP.

76.    Upon information and belief, Stafford had only been a student at West Florence High School for a short period of time.  Further, upon information and belief, prior to his enrollment at West Florence High School, Stafford had a lengthy history of significant behavioral problems and diagnoses such that West Florence High School, FSD1 and Superintendent O'Malley were aware, or

should have been aware, of his propensity for violence and FSD1 and Superintendent O'Malley should have addressed the potential for problems through Stafford's IEP and other necessary safeguards.

77.     FSD1 failed to adequately investigate the behavior problems and diagnoses that Stafford had prior to his acceptance to West Florence High School and also failed to conduct a proper background check to ensure that other students, such as Jane Doe, would be protected from Stafford.

78.     As a direct and proximate result of FSD1's failures, Jane Doe was sexually assaulted and raped, and her rights under IDEA, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, and Title IX were violated.

79.     FSD1 was further aware of the plague of students engaging in sexual activities, assaults, and other problems within its district yet it failed to accurately report these incidents and failed to take steps to protect students, including Jane Doe, from being victimized by this conduct.

80.     Plaintiffs are informed and believe that the sexual assault incidents in this case is a direct and proximate result of a much larger systemic problem at the administrative level of FSD1 for failing to allocate budget money appropriately and for failing to utilize state and federal money that it has received for programs such as the Exceptional Education Program to ensure that the rights of all disabled children are protected.

81.     As a result of the sexual assault incidents, Jane Doe suffered bodily injury, pain, suffering, mental anguish and the loss of the capacity to enjoy life as a direct and proximate result of Defendants' acts and omissions outlined herein. Jane Doe was admitted to the hospital, forced to undergo medical tests, including for sexually transmitted diseases and infections, and also forced to attend ongoing mental health counseling and therapy and medical treatment.

82.     Plaintiffs have incurred financial loss as a direct and proximate result of Defendants' acts and omissions. Plaintiffs have specifically incurred medical expenses associated with Jane Doe's medical treatment as well as other costs associated with caring for Jane Doe outside the normal costs of parenting.

## FIRST CAUSE OF ACTION
(Negligence and/or Gross Negligence – As to FSD1)

83.     Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

84.     FSD1 had a duty to protect Jane Doe when she was entrusted to its care by her parents.  Jane Doe's care, welfare and/or physical custody were temporarily entrusted to FSD1 when Jane Doe attended West Florence High School and was on FSD1's premises.  FSD1 accepted care and custody of Jane Doe.

85.     FSD1 is liable for the actions of Stafford as he was enrolled as a student at West Florence High School.

86.     FSD1 was negligent, grossly negligent and reckless in the following particulars:

   a.  Failing to exercise reasonable care to discover that unlawful and tortious acts were being done and/or were likely to be done on its premises;

   b.  Failing to control the conduct of its students;

   c.  FSD1 knew or should have known of the necessity and opportunity for exercising control over its students.  Despite this knowledge, FSD1 negligently and/or recklessly failed to exercise control over students;

   d.  Failing to provide necessary protection to Jane Doe while she was in its care and custody;

   e.  Failing to provide a safe premises for its students;

   f.  Failing to ensure that its' employees, agents and/or representatives provided safe premises for use by Jane Doe and other invitees;

g.  Failing to take reasonable precautions to avoid an unsafe condition from existing on its premises;

h.  Failing to use due care and caution in safekeeping Jane Doe;

i.  Failing to properly train the staff to ensure the safety of Jane Doe;

j.  Failing to conduct a thorough background investigation into Stafford prior to accepting him as a student at West Florence High School;

k.  Failing to protect students, including Jane Doe, from Stafford; and,

l.  In such other particulars as the evidence may establish.

87.    As a direct and proximate result of FSD1's negligence and/or gross negligence, Plaintiffs have suffered damages for which they are entitled to recover from FSD1.

**<u>SECOND CAUSE OF ACTION</u>**
(Violation of Title IX – As to FSD1)

88.    Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

89.    FSD1 is a recipient of federal funding and had been at all times relevant to this facts giving rise to this action.

90.    FSD1 failed to have policies, procedures, practices and customs in place to assure Jane Doe was not a victim of harassment and sexual assault based upon her gender and/or to prevent sexual violence that violated her rights pursuant to Title IX of the Education Amendments of 1972 ("Title IX"), 86 Stat. 373, as amended, 20 U.S.C. § 1681, *et seq*.

91.    At all times relevant herein, Superintendent O'Malley, Principal Dowdell, Title IX Coordinator Nathaniel Marshall, and Title IX Investigator Ashley Watson were agents, servants, employees and/or representatives of FSD1, acting within the course and scope of their employment for the purposes of Title IX.

92.    FSD1 is aware that student-on-student harassment and/or assault can trigger Title IX liability.

93.    FSD1 knew it had to protect its students from physical harm.

94.    FSD1 knew that Stafford had violent propensities and/or behavioral issues that would put other students, including Jane Doe, at risk of harm.

95.    Despite this knowledge, FSD1 allowed Stafford to roam its premises unencumbered.

96.    FSD1 had actual knowledge that Jane Doe required a buddy via her IEP.

97.    Despite this knowledge, FSD1 stripped Jane Doe of her buddy, thus endangering Jane Doe.

98.    FSD1 allowed Jane Doe to be violently sexually assaulted and raped on its premises.

99.    Minutes after the rape, Jane Doe made a complaint to agents, servants, employees and/or representatives of FSD1. Despite Jane Doe immediately reporting the crime, FSD1's agents, servants, employees and/or representatives downplayed the subject incident amongst each other and conspired to prevent the general public from learning of the incident.

100.    Despite the serious nature of the subject incident, FSD1 failed to take adequate action.  Instead, FSD1 attempted to sweep the subject incident "under the rug" by avoiding the media, not classifying the subject incident as a rape despite the glaring evidence of rape, and hesitance to kickstart the Title IX process.  Moreover, Jane Doe has not been privy to the Title IX process or received updates as to the investigation despite requests.

101.    The complaint should have triggered an immediate investigation and hearing by FSD1.

102.    Instead, it was approximately one (1) month after the subject incident that FSD1 began its Title IX investigation.

103.    When the subject incident was reported, FSD1 showed deliberate indifference in the following particulars:

      a.    Failing to intervene when its agent, servant, employee and/or representative saw Jane Doe and Stafford in the hallway, unaccompanied by a buddy or other supervising agent;

      b.    Failing to take action to stop the offensive acts of those over whom FSD1 and/or FSD1's agents, servants, employees and/or representatives exercised control;

      c.    Failing to have a parent present at the initial interview of Jane Doe;

      d.    Failing to properly investigate the subject incident;

      e.    Failing to cure or even attempt to cure the obvious discrimination against Jane Doe;

      f.    Failing to alert the South Carolina Department of Education of the rape;

      g.    Failing to investigate the subject incident in a timely manner and in accordance with Title IX; and,

      h.    In any other particulars as the evidence may show.

104.    FSD1 failed to comply with Title IX despite actual knowledge of student-on-student abuse.

105.    FSD1's conduct as described above created an intimidating, hostile, offensive and abusive school environment in violation of Title IX.

106.    FSD1's deliberate indifference undermined and detracted from Jane Doe's educational experience.

107.    As a direct and proximate result of the unlawful and wrongful acts of FSD1, Plaintiffs have suffered and continue to suffer damages for which FSD1 is liable.

108.    Pursuant to 42 U.S.C. § 1988, a prevailing party in a Title IX case is entitled to recover attorney's fees and expert fees.  Hence, Plaintiffs will be entitled to recover damages against FSD1 and further prays for an award of all costs, attorney's fees and expert fees and costs associated with the bringing of this lawsuit.

### THIRD CAUSE OF ACTION
(Violation of Section 504 of the Federal Rehabilitation Act – As to FSD1)

109.    Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

110.    Pursuant to Section 504 of the Rehabilitation Act:

*No otherwise qualified individual with a disability in the United States, as defined in section 7(20) [29 U.S.C. § 705(20)], shall solely by reason or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance or under any program or activity by an Executive agency or by the United States Postal Service.*

111.    Upon information and belief, FSD1 receives federal funds and used federal financial assistance to fund the operation, construction and/or maintenance of the specific public facilities and/or programs described herein, including West Florence High School and the activities that take place therein.

112.    Jane Doe qualifies as a handicapped person under the Rehabilitation Act and is otherwise qualified for a free and appropriate education provided by FSD1.

113.    FSD1's actions and inactions and condoning of practices were discriminatory and denied Jane Doe the benefits of participation in public school education.

114.    FSD1 failed to reasonably accommodate Jane Doe's condition by protecting her, even more vulnerable as a result of her disabilities, from exposure and abuse on its premises.

115.    Students without disabilities were not subjected to the abuse Jane Doe sustained. This difference in treatment was due, in whole or in part, to Jane Doe's disabilities.  As such, FSD1 has violated Jane Doe's rights under the Rehabilitation Act and the promulgated regulations by denying Jane Doe the benefits of receiving full and equal access to public education programs and activities offered within FSD1.

116.    FSD1's actions or inactions and practices were intentionally discriminatory and were taken with deliberate indifference to the strong likelihood that the actions would result in a violation of Jane Doe's federally protected rights.  These actions or inactions have subjected Jane Doe to a hostile educational environment based solely upon her disabilities, therefore, FSD1 violated Jane Doe's rights under Section 504 and the regulations promulgated thereunder.

117.    As a direct and proximate result of FSD1's violations of the Rehabilitation Act, Jane Doe suffered and continues to suffer, and will suffer in the future, injuries to her person, including but not limited to pain, humiliation, anxiety, mental anguish, emotional distress, terror and damage to her psychological health, and has had to undergo medical treatment, and therefore Plaintiffs have been damaged in amounts to be determined at trial.

**FOURTH CAUSE OF ACTION**
(Violation of the Americans with Disabilities Act ("ADA") – As to FSD1)

118.    Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

119.    Pursuant to the ADA:

*[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.*

42 U.S.C. § 12132.

120.    Jane Doe suffers from significant disabilities and needs assistance with certain self-care and mobility activities, and modifications to her school learning environment and curriculum.

121.    Jane Doe qualifies as a protected person under the ADA.

122.    By the actions or inactions of FSD1 as described herein, Jane Doe was denied the benefits of the services, programs and/or activities of FSD1, and was subjected to discrimination by reason of her disabilities.

123.    The discriminatory practices described herein excluded Jane Doe from participating in and receiving the benefits of a public school education.

124.    FSD1's actions or inactions were intentionally discriminatory and were taken with deliberate indifference to the strong likelihood that the actions or inactions would result in a violation of Jane Doe's federally protected rights.

125.    FSD1 violated Jane Doe's rights under the ADA and the promulgated regulations by denying Jane Doe the benefits of the services, programs and activities which she was otherwise entitled to from FSD1.  Jane Doe was mistreated in violation of the law as a direct result of her disabilities and the manifestation of these disabilities.

126.    Students without disabilities were not subjected to the abuse Jane Doe was subjected to, and this difference in treatment was due, in whole or in part, to Jane Doe's status as a student with disabilities.

127.    As a direct and proximate result of FSD1's violations of the ADA, Jane Doe suffered, and continues to suffer, and will suffer in the future, injuries to her person, including but not limited to pain, humiliation, anxiety, mental anguish, emotional distress, terror and damage to her psychological health, and has had to undergo medical treatment, and therefore Plaintiffs have been damaged in amounts to be determined at trial.

## FIFTH CAUSE OF ACTION
(Violation of the Individuals with Disabilities Education Act ("IDEA") – As to FSD1)

128.    Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

129.    IDEA, 20 U.S.C. § 1400 et seq., was enacted to ensure that all children with disabilities have access to a "free appropriate public education" to meet their unique needs.  20 U.S.C. § 1400(c).

130.    Federal law requires FSD1 and the South Carolina Department of Education have policies to ensure a free appropriate public education is available to all children with disabilities residing in the State between the ages of three (3) and twenty-one (21), including children with disabilities who have been suspended or expelled from school.

131.    Jane Doe's diagnoses and disabilities, and need for special education and related services qualifies her as a "child with a disability" pursuant to IDEA.

132.    FSD1 has policies and practices which deny services to children with disabilities, as these children, including Jane Doe, are subjected to abuse, discrimination and mistreatment.

133.    FSD1's policies, practices and procedures, particularly the acts or omissions described herein, violated IDEA.

134.    Plaintiffs have suffered damages as a direct result of the IDEA violations described herein, and therefore, is entitled to an award of damages against FSD1.

## SIXTH CAUSE OF ACTION
(Violation of State Constitutional Tort – As to FSD1)

135.    Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

136.    FSD1's actions or inactions violated the constitutional rights guaranteed to Jane Doe under Article XI of the Constitution of the State of South Carolina.

137.    Article XI of the Constitution of the State of South Carolina requires a thorough and efficient system of free schools.  It is well-settled that the education of children such as Jane Doe is a fundamental constitutional right.

138.    FSD1 subjected Jane Doe to the sexual assault incidents and rape and thus caused serious injuries and long-term psychological harm.

139.    Jane Doe has a substantive and procedural due process right to be free of deprivation of liberty and assaults on her bodily integrity without due process of the law, as well as a legitimate entitlement to public education as a property interest.  FSD1's actions and/or inactions deprived Jane Doe of the right to be free from unlawful deprivations of liberty, property, and bodily integrity without due process of law.  Public school students, and particularly students with disabilities, have a constitutionally protected right to be free of physical abuse.

140.    FSD1 compromised Jane Doe's interest in her public education when they failed to conduct a proper background check of Stafford and further knowingly permitted, authorized and/or sanctioned Stafford to roam its premises unencumbered.  Moreover, FSD1 attempted to keep Jane Doe in a hostile environment that was not conducive to a meaningful education.

141.    FSD1 knew or should have known that subjecting children with special needs, including Jane Doe, to a hostile environment would cause her physical and emotional harm, and likely long-term harm.

142.    FSD1's actions or inactions proximately caused Jane Doe to suffer severe physical and psychological pain during the subject incident and continues to suffer from ongoing and

continuous psychological injury and will suffer from the pain and psychological injury in the future.

143.    FSD1's actions or inactions were conducted in the color of law.

144.    FSD1's above-described actions or inactions deprived Jane Doe of the securities, rights, privileges and immunities secured by the South Carolina Constitution, and caused her other damages in an amount to be proven at trial.

145.    FSD1's above-described actions or inactions violated the clearly established rights of Jane Doe of which reasonable people in FSD1's position knew or should have known.

146.    In the alternative, FSD1's actions were willful, wanton, reckless and/or were conducted with actual malice towards Jane Doe, or with a reckless and outrageous disregard to the health, safety and welfare of others, including Jane Doe.  Accordingly, Jane Doe is entitled to recover punitive damages.

**<u>SEVENTH CAUSE OF ACTION</u>**
(Writ of Mandamus – As to FSD1)

147.    Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

148.    FSD1is required by law to report sexual assaults and/or sexual violence to the South Carolina Department of Education.

149.    FSD1 reported zero (0) sexual assaults/instances of sexual violence for 2023.

150.    This is categorically false.

151.    FSD1's failure to accurately report information violates S.C. Code Ann. § 59-63-330.

152.    Jane Doe believes FSD1's failure to report was intentional.

153.    Jane Doe brings this Writ of Mandamus Cause of Action in an attempt to force FSD1 to accurately report instances to the South Carolina Board of Education.

## EIGHTH CAUSE OF ACTION
(Violation of S.C. Code Ann. § 59-63-330 – As to FDS1)

154.    Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

155.    Because FSD1 did not report the subject incident to the South Carolina Department of Education, Jane Doe is entitled to attorney's fees and the costs associated with this action due to Jane Doe seeking a writ of mandamus for FSD1 to comply with S.C. Code Ann. § 59-63-330. *See* S.C. Code Ann. § 59-62-335.

## NINTH CAUSE OF ACTION
(Violation of Constitutional Rights – As to FDS1)

156.    Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

157.    FDS1 had actual or constructive knowledge that Stafford had the propensity for violence and/or sexual misconduct that posed a pervasive and unreasonable risk of constitutional injury to Jane Doe.

158.    FDS1's response to this knowledge was so inadequate as to demonstrate deliberate indifference to Stafford's propensities and/or behavior.

159.    FDS1 through its agents, servants, employees and/or representatives created the risk of danger to Jane Doe.

160.    Plaintiffs are informed and believe that FDS1 customarily and routinely ignore and/or disregard knowledge of students' violent propensities and/or the risk such students create to the student body.

161.    FDS1 failed to adequately train its employees, servants, agents and/or representatives as to how to properly assess a student's behavioral issues, mental capacity, and/or propensity for violent and/or dangerous behavior.

162.    As a proximate result of the customs, practices, and policies of FDS1, Jane Doe suffered irreparable damage.

### TENTH CAUSE OF ACTION
(Violation of Restatement (Second) of Torts § 323 – As to FSD1 and Superintendent O'Malley)

163.    Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

164.    Defendants undertook the provision of providing safe places for Jane Doe to practice her education pursuant to the Restatement (Second) of Torts.

165.    The Restatement's negligent undertaking provisions impose a duty of care when a defendant renders services that it "should recognize as necessary for the protection" of another. Restatement (Second) Torts § 323.

166.    Jane Doe suffered severe and permanent harm as described above because of Defendants' failure to, among other things, exercise reasonable care in providing safety for a minor student or in artificially creating an environment of danger and voluntarily undertaking the duty to monitor and/or supervise its students, including Stafford and Jane Doe.

167.    As a direct and proximate result of Defendants' violation of Restatement (Second) of Torts § 323, Jane Doe has suffered and continues to suffer damages for which Defendants are liable.

**ELEVENTH CAUSE OF ACTION**
(Defamation – As to FSD1 and Superintendent O'Malley)

168.    Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

169.    After the subject incident was published in the media, Superintendent O'Malley wrote to coworkers "when did this become rape?"

170.    Superintendent O'Malley questioned Jane Doe's integrity, discriminated against her and made light of a serious situation that occurred under his tenure.

171.    Defendants were negligent and grossly negligent in discussing a minor's school records and/or incidents with other individuals including other students at West Florence High School.

172.    Based on the actions of Defendants, the false and defamatory statements made about Jane Doe were published to third parties and created a hostile environment for Jane Doe.

173.    As a direct and proximate result of the false and defamatory statements made by Defendants, Jane Doe has suffered damage to her reputation and has suffered severe mental anguish because of these false statements and further she had to transfer out of West Florence High School to a school that is not in the district as a result.

174.    As a result of all actions contained herein, Jane Doe suffered bodily injury, pain, suffering, mental anguish and the loss of the capacity to enjoy life as a direct and proximate result of Defendants' acts and omissions outlined herein. Jane Doe was admitted to the hospital, forced to undergo medical tests, including for sexually transmitted diseases and infections, and also forced to attend ongoing mental health counseling and therapy and medical treatment.

175.    As a result of all actions contained herein, Plaintiffs have incurred financial loss as a direct and proximate result of Defendants' acts and omissions. Plaintiffs have specifically

incurred medical expenses associated with Jane Doe's medical treatment as well as other costs associated with caring for Jane Doe outside the normal costs of parenting.

176.    Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages, together with punitive damages in an appropriate amount, for the costs of this action, attorneys' fees and for such other and further relief as the Court may deem just and proper.

*(Signature Page to Follow)*

PARKER LAW GROUP, LLP

BY:   s/Ashley B. Nance
       Ashley B. Nance
       Fed Id. No.:  11093
       anance@parkerlawgroupsc.com

       Chelci S. Avant
       Fed Id. No.: 13177
       cavant@parkerlawgroupsc.com

       (Florence Office)
       601 W. Evans St.
       Florence, South Carolina 29501

       (Main Office)
       101 Mulberry Street East
       Post Office Box 457
       Hampton, South Carolina 29924
       (803) 903-1874

- And –

THE LAW OFFICE OF ROBERT STUCKS LLC

BY:   s/Robert Stucks
       Robert Stucks, Esquire
       Federal Id. No.: 13268
       401 Syracuse Street
       Darlington, SC 29532
       (843) 679-5468
       robert@stuckslaw.com

ATTORNEYS FOR PLAINTIFFS

Florence, South Carolina

September 26, 2024