IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Mary Doe as Parent and Next Friend to Jane Doe, a Minor Under the Age of Eighteen (18), | ) ) ) ) | Civil Action No.: 5:24cv5305-SAL |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **PLAINTIFFS' MOTION TO PROCEED UNDER A PSEUDONYM AND FOR PROTECTIVE ORDER AND MEMO IN SUPPORT** |
| Florence School District One, Richard O'Malley in His Official and Individual Capacity, | ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff Mary Doe as the parent and next friend of her minor daughter Plaintiff Jane Doe, a minor under the age of eighteen (18), through counsel, moves this Court for an order allowing both Plaintiffs to proceed in this case under a pseudonym, and for a protective order prohibiting Defendants from disclosing their identity.

Plaintiffs have alleged that Defendant Jackson Lee Stafford, (hereinafter "Stafford"), sexually assaulted and raped the Minor Plaintiff Jane Doe. in a bathroom at West Florence High School, which is a school located in Florence, SC, and operated and controlled by Defendants. The perpetrator, Stafford, has been charged with Criminal Sexual Conduct in the First Degree in his sexual assault and rape of Jane Doe. Plaintiffs further allege that Defendants caused harm to Plaintiffs by virtue of their actions and inactions. The Plaintiffs should be allowed to proceed anonymously for several reasons such as:

1. Protection and Preservation of Privacy: There is a minor child victim who was sexually assaulted/raped by a peer at school and she is suing the school district, the superintendent and the perpetrator of these heinous acts. This type of action is highly sensitive and has a heightened need for privacy due to the sensitive and personal nature

    of the sexual assault/rape. Protecting the Minor Plaintiff's identity helps safeguard their mental health and emotional well-being.

2. Avoiding Further Trauma: Public disclosure of the Minor's identity can lead to additional trauma. Anonymity can protect the child from the stigma, embarrassment, and potential harassment or bullying that could arise from public knowledge of the abuse.

3. Encouraging Reporting of Abuse: Allowing anonymity can encourage the reporting of such crimes. Victims and their families might be more willing to come forward if they know that the child's identity will be protected.

4. Judicial Discretion: Judges often have the discretion to determine whether anonymity is appropriate in each case, based on the circumstances and the best interests of the minor child.

## ARGUMENT

This case arises out of a highly sensitive and personal situation which involves a minor child being sexually assaulted and raped by another student. There is no more appropriate use of anonymity in litigation than in cases involving allegations of sexual assault and rape. Plaintiffs request an order to proceed under a pseudonym, and a protective order to shield both the Minor Plaintiff's identity and her Mother's identity. Without such an order, the privacy of all the Plaintiffs will be unnecessarily violated. The Plaintiffs have been harmed by the actions of the Defendants. Forcing Plaintiffs to divulge their identities will cause further harm to the Minor Plaintiff.

Federal Courts seek to ensure fairness in litigation to all parties (Plaintiff and Defendant). This extends to cases involving minors and matters of a sensitive nature. A court must weigh competing interests in deciding whether to allow litigants to proceed in anonymous manner. Judge Timothy Cain, in the United Stated District Court for the State of South Carolina, in <u>Richard S. v. Sebelius</u>, C/A No. 3:12-cv-00007-TMC, 2012 WL 1909344, at *1 (D.S.C. May 25, 2012), stated in part:

> A plaintiff seeking to proceed anonymously must show that he or she has a substantial privacy right that outweighs the "customary and constitutionally

embedded presumption of openness in judicial proceedings." <u>Doe v. Stegall</u>, 653 F.2d 180, 186 (5th Cir.1981).

While there is a presumption in favor of openness in the federal courts, in appropriate cases, parties are permitted to proceed anonymously. In <u>James v. Jacobson</u>, 6 F.3d 233 (4th Cir. 1993), the Fourth Circuit identified several factors bearing on the propriety of allowing a party to proceed anonymously, but listed five factors it considered relevant to the case before it:

1. Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;

2. Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

3. The ages of the persons whose privacy interests are sought to be protected;

4. Whether the action is against a governmental or private party; and, relatedly,

5. The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

<u>Id.</u> at 238. These factors are not exhaustive, and a court should "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." <u>Doe v. Pittsylvania County</u>, 844 F. Supp.2d 724, 729 (W.D. Va. 2012) (citations omitted).

**I.     This matter is of a highly personal and sensitive nature.**

Unquestionably, sexual assault and rape allegations are of a highly personal and sensitive nature. <u>See</u> <u>e.g.</u>, <u>Doe v. Citadel</u>, No. 2:21-cv-04198-DCN, 2022 WL 2806473, at *2 (D.S.C. July 18, 2022) (In case involving plaintiff's dismissal from the Citadel based on classmate's allegation of sexual assault, stating "the serious allegations of sexual misconduct and the resulting investigation at issue are undoubtedly highly personal and sensitive."). The rationale for seeking to proceed under a pseudonym in such cases is self-evident. In this case, the Jane Doe seeks to

avoid the consequences of being publicly identified as the victim of sexual assault and rape. Additionally, Mary Doe also seeks to proceed anonymously. If the identity of the mother is disclosed, then the minor Plaintiff will be identified as the child of her parent.

**II.     Identification poses a risk of physical and mental harm.**

The sexual assault/rape at issue in this matter has left Jane Doe traumatized, ashamed, humiliated, embarrassed and significantly injured. Publicizing Jane Doe's identity would result in further physical and mental harm, and anonymity is therefore appropriate. If Plaintiffs are not allowed to proceed anonymously, physical and mental harm is a serious risk. Jane Doe's identification may subject her to ridicule by peers. As a result of this lawsuit, Jane Doe could also be subjected to public shaming if Mary Doe is required to be identified. The risk of both physical and mental harm weigh heavily in favor of anonymity.

**III.    The age of Jane Doe weighs heavily in favor of anonymity.**

Jane Doe was only sixteen years old at the time of this incident. The Federal Rules of Civil Procedure protect the anonymity of minors in similar situations to this case. Rule 5.2(a), Fed. R. Civ. P., would have required Jane Doe to proceed using only her initials if this case involved divulging social security numbers or actual birth dates. Plaintiffs would contend the age of the Jane Doe weighs heavily in favor of the Court exercising its discretion to permit Plaintiffs to sue anonymously.

**IV.    Defendants include both a governmental entity and a private party.**

There are both a governmental entity and a private party named as Defendants in this case. Whether the defendant is a private party or the government - does not weigh for or against anonymity. The public's interest in this case rests in the question of whether Defendants caused

harm to Plaintiffs by their actions or inactions. The names of Plaintiffs, which are otherwise unknown to the public and would mean nothing to it, is irrelevant to this interest.

### V.  Anonymity will impose no unfairness on Defendants who are aware of the identity of Jane Doe.

Anonymity will impose no unfairness on Defendants who are aware of the identity of the Jane Doe. The Defendants will not be hampered in any substantive way in their handling of this case given the nature of the case. See e.g., Doe v. Merten, 219 F.R.D. 387, 394 n.22 (E.D. Va. 2004) ("Caselaw indicates that any risk of unfairness to a defendant as a consequence of allowing a plaintiff to proceed anonymously is minimized when the issues raised are purely legal and do not depend on identifying the specific parties.") (internal quotation marks and citation omitted).

Plaintiffs contend this case is the type that demands anonymity of Jane Doe (and vicariously, her mother). To prohibit Defendants or any other person from divulging the Plaintiffs' identities, the Plaintiffs would move the Court to order that Plaintiffs be allowed to proceed in an anonymous manner. Additionally, if the name of Jane Doe's mother is disclosed or used, then the disclosure of Jane Doe's identity becomes inevitable.

### CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that they should be allowed to proceed anonymously in this matter. The Plaintiffs' motion to proceed anonymously should be granted and they should be referred to respectively as Jane Doe and Mary Doe.

(*Signature Page to Follow*)

PARKER LAW GROUP, LLP

BY:   s/Ashley B. Nance_____
      Ashley B. Nance
      Fed Id. No.: 11093
      anance@parkerlawgroupsc.com

      Chelci S. Avant
      Fed Id. No.: 13177
      cavant@parkerlawgroupsc.com

      (Florence Office)
      601 W. Evans St.
      Florence, South Carolina 29501

      (Main Office)
      101 Mulberry Street East
      Post Office Box 457
      Hampton, South Carolina 29924
      (803) 903-1874

- And –

THE LAW OFFICE OF ROBERT STUCKS LLC

BY:   s/Robert Stucks_____
      Robert Stucks, Esquire
      Federal Id. No.: 13268
      401 Syracuse Street
      Darlington, SC 29532
      (843) 679-5468
      robert@stuckslaw.com

ATTORNEYS FOR PLAINTIFFS

Florence, South Carolina

September 26, 2024